IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

JERRY W. WEST,                          )
                                        )
          Movant,                       )
                                        )
     v.                                 )   Civ. No. 05-01271-CV-W-NKL
                                        )   Crim. No. 05-00232-01-CR-W-NKL
UNITED STATES OF AMERICA,               )
                                        )
          Respondent.                   )
                                        )
                                        )

ORDER

Pending before the Court is Movant Jerry West's ("West") Motion to Vacate, Set

Aside, or Correct Sentence under 28 U.S.C. § 2255 [Doc. # 1].  For the reasons set forth

below, the Motion will be denied.

**I.      Background**

On June 22, 2005, West was charged in a three-count indictment  with receiving

child pornography and possession of child pornography in violation of 18 U.S.C. §

2252(a).  West was also charged with one count of forfeiture.  On August 25, 2005, in the

presence of his public defender, Larry C. Pace, West changed his plea from not guilty to

guilty on all three counts of the indictment before United States District Court Judge

Nanette K. Laughrey.  (Plea Tr. 8).  During the change of plea hearing, the judge asked

West if he wished to plead guilty to all three counts of the indictment and explained the

1

meaning of each count. *Id.* at 3-4, 8. West answered "Guilty." (Plea Tr. 8). The judge

informed West of the range of sentences carried by Count I and Count II, as well as the

rights that he would be waiving by pleading guilty. (Plea Tr. 4-6). The judge specifically

notified West that he would be sentenced according to the federal sentencing guidelines,

but that under certain circumstances, the Court could depart upward or downward. (Plea

Tr. 7). West further acknowledged that no promises as to the sentence had been made to

him. (Plea Tr. 7). In addition, West testified that Mr. Pace had explained and answered

West's questions about his rights and had provided him satisfactory representation. (Plea

Tr. 8). All of this testimony was given under oath. The judge found that West's plea was

voluntarily given and accepted his plea and ordered a presentence investigation. (Plea

Tr. 13).

On December 19, 2005, Judge Laughrey sentenced West to concurrent prison

terms of 180 months on Count I (the statutory minimum) and 120 months on Count II,

and concurrent supervised release terms of life. *United States v. West*, Case No. 06-1322

(8th Cir. July 10, 2007). On December 21, 2005, West filed this motion claiming that his

guilty plea was unlawfully induced; the police obtained evidence against him through

illegal search and seizure; his sentence was unconstitutionally enhanced; and, he received

ineffective assistance of counsel. West appealed his sentence to the Eighth Circuit Court

of Appeals, which upheld the district court's sentencing determination. *Id.* (determining

that West could not raise arguments based on *United States v. Booker*, 543 U.S. 220

(2005), because his sentence was statutorily imposed) (citing *United States v. Gregg*, 451 F.3d 930, 937 (8th Cir. 2006)).

## II.     Discussion

### A.     Unlawfully Induced Guilty Plea

In order to prevail on a claim that his plea was unlawfully induced or "without the understanding of the charge," West must show that the "totality of the circumstances indicates that he did not understand the charges to which he entered a plea of guilty." *Roberson v. United States*, 901 F.2d 1475, 1477 (8th Cir. 1990).  There is no evidence that West's guilty plea was unlawfully induced.  West confirmed that he understood all the charges against him and that he had no mental limitation; was not coerced nor under the influence of alcohol or drugs; was not promised anything as to his sentence; and, had the right to plead not guilty or *nolo contendere*.  (Plea Tr. 5-8).  West alleges no facts from which his understanding might be doubted but states only "Defendant was induced or coerced into pleading guilty the charges without the full knowledge and understanding of nature of the charges and the 'practical certainty' of the consequences, through his defense counsel."  (Doc. 1, 5).

### B.     Illegal Search and Seizure

Similarly, West sets forth no facts which would cast doubt on the admissibility of the evidence against him.  West alleges that his conviction was obtained "through evidence gained through the unconstitutional search and seizure's [sic] made by the

3

maintenance worker and numerously by the Kansas City Police Department."  (Doc. 1, 6).

The record shows that:

> In late February 2005, the management at West's apartment complex ordered a maintenance record to make adjustments on the locks on all of the doors of the tenants living at the apartment building. While inside the defendant's apartment, the maintenance worker viewed several items . . . that . . . gave the maintenance worker reason to believe that the defendant had a sexual interest in children . . . The maintenance worker called the Kansas City, Missouri, Police Department to report what he viewed.  On March 21st of 2005, Detective Karen Jenkins with the KCPD and two uniformed officers conducted a knock-and-talk at the apartment that the maintenance worker provided during his report.  Detective Jenkins and the other uniformed officers found Jerry West living alone in this apartment.  West voluntarily allowed the detectives inside his apartment, and inside Mr. West informed officers that his computers were password protected and that his internet service providers were SBC and AOL. And it should be noted that SBC and AOL have servers located outside the state of Missouri . . . Mr. West signed a consent to search form and, pursuant to the signed consent to search form, the following items were recovered that were media-related: Two computer towers, three SD memory cards, a digital camera, some miscellaneous photos, and some handwritten notes.

(Plea Tr. 10-12).  West asserts no reason why his consent to search was unlawfully obtained nor any basis upon which evidence obtained against him might be excluded.

### C.  Unconstitutional Sentencing Enhancements

West next claims that the Court unconstitutionally enhanced West's sentence "by the utilization of several specific offense characteristics, relevant conduct and defendant's prior criminal history."  (Doc. 1, 8).  West filed no objections to the pre-sentence investigation report which noted West's prior conviction in 1985 for first-degree sexual abuse with a minor.  As a result of that conviction, West was subject to a statutory minimum sentence of 15 years' imprisonment on Count I.  The Eighth Circuit confirmed that West could not raise a *Booker* challenge to his sentence because it was statutorily

4

imposed.  *United States v. West*, Case No. 06-1322 (8th Cir. July 10, 2007) (citing *United States v. Gregg*, 451 F.3d 930, 937 (8th Cir. 2006).  West has failed to state a basis for finding that the sentence imposed was unconstitutional.

D.      **Ineffective Assistance of Counsel**

In order to succeed on a claim of ineffective assistance of counsel, the Supreme Court has held that a petitioner must demonstrate (1) that his counsel's performance was constitutionally deficient and (2) that the deficiency prejudiced the outcome of the trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  Under the performance prong, the petitioner must show that "trial counsel's performance was so deficient as to fall below an objective standard of reasonable competence."  *Nave v. Delo*, 62 F.3d 1024, 1035 (8th Cir. 1995).  Under the prejudice prong, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.  This showing must include an analysis of the probability that the relief would have been granted by the Court.  *See DeRoo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000) (holding that if there is no reasonable probability that the motion would have been successful, movant cannot prove prejudice).  The court need not address both components if the movant makes an insufficient showing on one of the prongs.  *Engelen v. United States*, 68 F.3d 238, 241 (8th Cir. 1995) (citing *Strickland*, 466 U.S. at 697).

5

West accuses Mr. Pace of "an inadequate job in providing legal counsel, poor or lacked client-attorney communications, poor or improper investigative techniques, and proper enforcement and protection of constitutional rights." First, West testified to the adequacy of his counsel at the time he entered his plea. (Plea Tr. 8). Second, West has not shown any possibility of prejudice by the conduct of his defense counsel. Even if the Court accepted West's contention that Mr. Pace was deficient, he would have to show that he would have received a lighter sentence but for Mr. Pace's inadequate representation. *Lawrence v. Armontrout*, 961 F.2d 113, 115 (8th Cir. 1992). West cannot establish that the resulting sentence would have been lighter. West has failed to provide evidence that the Court's sentence would have been more lenient in light of the statutorily imposed minimum sentence of 180 months' imprisonment.

## III.  Conclusion

Accordingly, Movant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 [Doc. # 1] is DENIED.

IT IS SO ORDERED.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: April 1, 2008
Jefferson City, Missouri

6